**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| VANESSA ST. PIERRE, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | No. 3:19-cv-00223 |
| | ) | |
| CITY OF EL PASO, TEXAS and | ) | |
| DEARBORN NATIONAL LIFE | ) | |
| INSURANCE COMPANY, | ) | |
| Defendants | ) | |

## NOTICE OF REMOVAL

Defendants City of El Paso ("El Paso" or "City") and Dearborn National Life Insurance Company ("Dearborn National") respectfully remove this action to the United States District Court for the Western District of Texas, El Paso Division.

## INTRODUCTION

1.     Plaintiff has filed an Original Petition against El Paso and Dearborn National in the 243rd District Court of El Paso County, Texas, Cause 2019-DCV-2376.  Dearborn National was served with citation and a copy of the Petition on or about July 15, 2019.  Pursuant to 28 U.S.C. § 1446(a), Defendants have attached copies of all pleadings and orders in the El Paso County District Clerk's file as Exhibit 1 to this Notice of Removal.

2.     Dearborn National files this removal notice within the 30-day period required in 28 U.S.C § 1446(b).

## GROUNDS FOR REMOVAL

3.    This case is removable under 28 U.S.C. § 1441 based on federal diversity jurisdiction existing under 28 U.S.C. § 1332, for the following reasons:

a.    Plaintiff is and was at the time of the filing of the Plaintiff's Original Petition ("Petition"), an individual citizen of Texas.   Dearborn National is an insurance company incorporated in Illinois, with its principal place of business in Illinois.   *See* Petition at ¶ 7; *Hertz Corp.* v. *Friend*, 559 U.S. 77, 81 (2010) (discussing the "nerve center").

b.    Plaintiff filed the instant case in the District Court of El Paso County, Texas. Plaintiff alleges $100,000 in damages.   (Petition at ¶¶ 1, 24.)   It is therefore apparent from an analysis of Plaintiff's allegations that the amount in controversy in this action exceeds the jurisdictional sum of $75,000.00.   *See St. Paul Reinsurance Co, Ltd. v. Greenberg*, 134 F.3d 1250, 1255 (5th Cir. 1998); *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir. 1995).

c.    There is complete diversity of citizenship between Plaintiff and Dearborn National; Plaintiff is a citizen of Texas; Dearborn National is not a citizen of Texas; and the amount in controversy exceeds $75,000.   This case, therefore, is removable based on diversity jurisdiction.

4.    In the Petition, Plaintiff named El Paso as a defendant. However, the City was improperly joined as a defendant. Accordingly, the Court should disregard the citizenship of the City in determining it has diversity jurisdiction.   In particular, there is no possibility of recovery by the Plaintiff against El Paso. *See Smallwood v. Ill. Cent. R.R. Co*., 385 F.3d 568, 573 (5th Cir. 2004) (*en banc*).

5.      The only claim asserted against the City is that it breached a contract allegedly formed between Plaintiff and the City with regard to life insurance.  *See* Petition at ¶¶ 8, 23. Plaintiff claims that the City offered her the opportunity to purchase life insurance, and that she accepted that "offer" unconditionally.  Petition at ¶ 8. As a matter of Texas law, Plaintiff cannot recover against the City for breach of an alleged insurance contract, as no such contract was formed.

6.      Under Texas law, a breach of contract claim requires, "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach."  *Smith Int'l., Inc. v. Egle Group, LLC*, 490 F.3d 380, 387 (5th Cir. 2007).  For a contract to be formed, there must be both an offer and unqualified acceptance of that offer, in strict compliance with the terms of the offer.  *Wal-Mart Stores, Inc. v. Lopez*, 93 S.W.3d 548, 555-56 (Tex.App.—Houston [14th Dist.] 2002, no pet.) In the context of insurance contract formation, the "offer" is an application submitted by the proposed insured; and an insurer's "acceptance" must be of the terms and conditions exactly as proposed by the insured's application.  *Republic Nat'l Life Ins. Co. v. Hall*, 149 Tex. 297, 301; 232 S.W.3d 697, 699 (Tex. 1950); *see also Roberts v. California-Western States Life Ins. Co*., 470 S.W.2d 719, 726 (Tex.Civ.App.—Amarillo 1971, no writ) ("the application becomes binding only when the insurer accepts the risk of the insurance applied for, and the acceptance must be actual, evidenced by some act of the insurer…").

7.      The process that Plaintiff has described in her Petition as being an offer and acceptance does not constitute valid formation of an insurance contract under Texas law.  Rather, the City's provision of insurance information (as alleged by Plaintiff, *see* Petition at ¶ 8) was

merely an invitation to the Plaintiff for her to make an offer (application) for the insurer (in this instance Dearborn National) to accept. *See, e.g., J.D. Fields & Co., Inc. v. U.S. Steel Int'l, Inc.*, 426 Fed. App'x 271, 276-77 (5th Cir. 1996) (solicitation is not an offer). Plaintiff has failed to identify any offer by her that was accepted by the City (or Dearborn National for that matter). Accordingly, Plaintiff is unable to establish a cause of action against the City, and the City was improperly joined. *Smallwood*, 385 F.3d at 573.

8.    Venue is proper in this district under 28 U.S.C. § 1441(a) because this district and division embrace the place where the removed action has been pending. *See* 28 U.S.C. § 124(d)(3).

9.    Pursuant to 28 U.S.C. § 1446(d), Defendants will promptly provide written notice of this removal to the District Clerk for El Paso County, Texas.

Respectfully submitted,

By:  ___/s/ Andrew F. MacRae_____
ANDREW F. MACRAE
*State Bar No. 00784510*
LEVATINO|PACE PLLC
1101 S. Capital of Texas Highway
Building K, Suite 125
Austin, Texas 78746
Tel:  (512) 637-1581
Fax:  (512) 637-1583

Attorneys for Defendants

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing Notice of Removal has been filed through the CM/ECF system on this 14th day of August, 2019. A copy of this Notice of Removal has also been forwarded via e-mail, to the following counsel of record:

Michael T. Milligan
4171 N. Mesa St., Suite B-201
El Paso, Texas 79902
Elpasomike13@aol.com

Leticia Dominguez
The Dominguez Law Firm, P.L.L.C.
4171 N. Mesa St., Suite B-201
El Paso, Texas 79902
LDominguez32@elp.rr.com


_____/s/ Andrew F. MacRae_____
ANDREW F. MACRAE

5

El Paso County - 243rd District Court

Filed 6/24/2019 12:14 PM
Norma Favela Barceleau
District Clerk
El Paso County
2019DCV2376

VANESSA ST. PIERRE,    )
           )
  Plaintiff,     )
           )
v.           )  Cause No. _____
           )
CITY OF EL PASO, TEXAS,   )
and DEARBORN NATIONAL LIFE )
INSURANCE COMPANY,    )
           )
  Defendants.    )

### PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF THE ABOVE COURT:

  Plaintiff Vanessa St. Pierre (TDL last four 1733, SSN last four 9707) complains of Defendants City of El Paso and Dearborn National Life Insurance Company and for cause respectfully shows the Court the following:

### Discovery Control Plan and Claims for Relief

  1.  This suit is not governed by Rule 169 of the Texas Rules of Civil Procedure because, although it seeks $100,000 pursuant to a contract with Defendant City, it also seeks costs of the action, which will push the total amount of Plaintiff's claim beyond the $100,000 threshold. Instead, Plaintiff intends to conduct discovery under Level 2, Rule 190.3, Tex. R. Civ. P.

  2.  This is a suit to recover benefits due under a contract of dependent life insurance under Tex. Loc. Gov't Code Ann. §§ 271.151 and 271.152.

**EXHIBIT 1**

## Jurisdiction, Exhaustion, and Venue

3.       This Court has jurisdiction over the subject matter of this litigation because the amount at issue is in excess of the minimum jurisdictional limits of this Court. All conditions precedent to the bringing of this action have been either satisfied, exhausted, or have occurred.

4.       Venue is appropriate in this Court because all, or a substantial part, of the events and omissions giving rise to the above claim occurred in El Paso County, Texas, where Defendant City of El Paso is located.

## Parties

5.       Plaintiff is a widow, seeking insurance benefits for the death of her late husband, pursuant to contract with the City of El Paso, her employer at all relevant times herein. She resides in El Paso, Texas, and may be served for all purposes through her undersigned attorneys of record.

6.       Defendant City of El Paso is a municipal corporation located in El Paso, Texas. It is the plan sponsor of the life insurance plan upon which this suit is based, and may be served with process through its Mayor, Dee Margo, 300 N. Campbell, El Paso, Texas 79901.

7.       Defendant Dearborn National Life Insurance Company, the underwriter and administrator of the plan, is a corporation whose "nerve center" is located in the state of Illinois, but which has sufficient minimum contacts in the state of Texas to be subject to its jurisdiction. It may be served through its registered agent for service of process, Corporation Service Company, 211 E. 7th St., Suite 620, Austin, Texas 78701-3218.

## Statement of Facts

8.       Plaintiff became an employee of the City of El Paso on or about August 11, 2014. On or about the third day of her in-processing as an employee, she received an Employee

2

Benefits Summary (Attachment 1) offering her, inter alia, the option to purchase life insurance in the amount of $200,000 for herself and $100,000 for her husband.  Plaintiff unconditionally accepted that offer on an election sheet which the City had in its possession, at least as of September 20, 2018.

9.      Four years, one month, and seven days after Plaintiff had accepted the City's offer, its representatives advised her that, supposedly through an oversight on the part of responsible City officials acting within the scope of their authority, the City had (she was told) failed to deduct from Plaintiff's periodic salary payments the premiums for the dependent life insurance policy which Plaintiff had agreed to pay.  Throughout that time, however, the City did deduct for "Optional Life After Tax" (see, e.g., Attachment 2), which Plaintiff reasonably believed pertained to both life insurance policies.

10.     From 2015 through 2017, Plaintiff did her annual enrollment online in accordance with City policy, each year indicating no change in life insurance coverages.  However, on December 13, 2017, during attendance at open enrollment for 2018, the HR representative required everybody to fill out and sign a paper form (see Attachment 3).  Plaintiff filled out the form in her own handwriting, except for the rates for employee and spouse/dependent life insurance.  She told the HR rep that she did not know the rates to put, but that she wanted the same coverages which she elected as a new hire and left unchanged every year since.  The HR rep himself filled in that part of the form by writing "Same" in both spaces for both insurance coverages.  He also checked the box for "Employee + Dependent(s)."  The handwriting and the pen used clearly show that portion of the form was not completed by Plaintiff.

11.     On or about August 31, 2018, Plaintiff's husband passed away.  On or about September 11, Plaintiff called the Benefits Department to inquire about how to obtain her late

husband's insurance benefits.  The person who answered the phone told her that she had no dependent coverage on her husband's life.  Plaintiff asked to speak to a supervisor, and received the same answer.  On September 12, 2018, Plaintiff emailed Attachment 3 to the Benefits Department.

12.     Plaintiff then took her case to Mary Michel, Human Resources Assistant Director (Attachment 4).  On or about October 2, Plaintiff met with Ms. Michel, Brenda Kinderman, and a third woman, who gave the following spurious excuses for refusing to honor the City's contract with Plaintiff:

a.     Despite the plain language in Attachment 1, they claimed that dependent life insurance greater than $20,000 required proof of insurability; and

b.     They told her that, because of their "mistake" in failing to deduct the premiums for her husband's life insurance, they did not have to pay her anything but would pay her $20,000 in exchange for a release of her insurance claim.

13.     Unsatisfied with this response, Plaintiff consulted the undersigned attorney, who reviewed documents from Dearborn Insurance describing various benefit plans of the City and setting out a "CLAIMS PROCEDURE."  The claims procedure instructed a beneficiary to submit her claim to "Claims Department, Dearborn National Life Insurance Company, 1020 31st Street, Downers Grove, Illinois 60515-5591."  Immediately following the claims procedure in the untitled document is a "STATEMENT OF ERISA RIGHTS," setting forth in summary but clearly recognizable language, the rights of claimants under the Employees Retirement Income Security Act (ERISA).

14.     It is frivolous and misleading for any benefit plan administrator to claim that ERISA applies to a benefit plan sponsored by a governmental entity.

4

15.     Nevertheless, on October 24, 2018, the undersigned attorney sent a claim, including a request for information pursuant to ERISA, to Dearborn (Attachment 5).

16.     On or about November 5, 2018, the undersigned attorney received a telephone call from Maritza (last name unknown), who identified herself as a representative of Dearborn. She told counsel that Dearborn could not process the claim because it was not submitted by the City.

17.     Counsel then sent the City a letter (Attachment 6).  Receiving no answer, counsel sent to Dearborn and the City another letter on December 6, 2018 (Attachment 7).  Dearborn and the City ignored that communication as well.

18.     Finally, on February 15, 2019, Plaintiff, through counsel, sent a letter to the City (Attachment 8) asking for the amount of the premiums which should have been paid and offering to tender that amount by cashier's check to the City.  The letter was sent to HR with a copy to the City Attorney.  They both continued to ignore Plaintiff and her counsel.

19.     However, on April 1, 2019, the City advised Plaintiff's counsel that it had "tendered [Ms. St. Pierre's] dependent life insurance claim to Dearborn for handling" (Attachment 9).

20.     On or about May 30, 2019, Plaintiff received via regular first class mail a letter from Dearborn (Attachment 10) denying her claim.  It sent the letter directly to Plaintiff instead of through her undersigned attorney as he had repeatedly requested.  The date on the letter is May 16, 2019, a fairly obvious case of backdating, unless it really takes two full weeks for delivery of mail from Downers Grove, Illinois, to El Paso.

21.     Plaintiff and her counsel have no knowledge of the relationship between Dearborn and the City, except that Dearborn provides manuals about the City's benefit plans, one of which

identifies Dearborn as the "plan administrator," and another of which says the City's plan is "underwritten and/or provided by Dearborn."

22.     Because of the ambiguity of "and/or," Plaintiff cannot ascertain exactly who owes her money, Dearborn, the City, or both.  Plaintiff infers from the circumstances set out above, however, that Dearborn is at least the plan administrator and may also be an underwriter.

### Cause of Action

23.     The City offered Plaintiff dependent life insurance coverage which she accepted without qualification.  Therefore, a contract existed between the parties, subject to a condition precedent, the death of the insured.  That condition has occurred, but the City has breached its contract by refusing to pay.

### Damages

24.     As a result of the City's breach, Plaintiff has been damaged in the amount of $100,000.

### Prayer

25.     Plaintiff therefore prays that, upon a final hearing hereof, she have judgment against Defendant City of El Paso for $100,000, her costs, prejudgment and postjudgment interest, and such other relief as to which she may show herself justly entitled.

RESPECTFULLY SUBMITTED this 24th day of June, 2019.

MICHAEL T. MILLIGAN
4171 N. Mesa St., Suite B-201
El Paso, Texas 79902
915-544-5587
Fax 915-544-2773
Texas Bar No. 14148200
elpasomike13@aol.com

6

The DOMINGUEZ LAW FIRM P.L.L.C.
4171 N. Mesa St., Suite B-201
El Paso, Texas 79902
Telephone: (915) 544-7087
Facsimile:  (915) 544-8305

LETICIA DOMINGUEZ
Texas Bar No. 00795741
LDominguez32@elp.rr.com


By:___/s/ Michael T. Milligan_____
        MICHAEL T. MILLIGAN

ATTORNEYS FOR PLAINTIFF

# Attachment 1

Effective
10/1

# CY2014 Non-Uniform Employee Benefits Summary
## City of El Paso ~ Benefit Services ~ Bi-Weekly Rates

(915) 212-1275  fax: (888) 504-7142   http://home.elpasotexas.gov/human-resources/risk-management.gov.php
City Hall 300 N. Campbell          email:  insuranceandbene@elpasotexas.gov
Plan Year based on CY effective Jan 1 through Dec 31

EPWU Payroll and Benefits
(915) 594-5533
Reviewed 07/01/2014

## MEDICAL BENEFITS - AETNA Inc.

City Account Representative: Gabriela Zuniga  (915) 212-1271
www.aetna.com

(877) 800-8682

| DocFind Plan Name: Choice POS II (Open Access) | EE Only | EE+1 | EE+2 or more | In-Network Description | Out-of-Network Description |
|---|---|---|---|---|---|
| High Deductible Plan (CDHP Plan) | $41.59 | $97.17 | $152.75 | $3,000 Deductible 100% coverage after deductible no co-pays | $8,000 Deductible 50% coverage after deductible no co-pays |
| Basic / Core Plan | $65.36 | $144.75 | $224.16 | $1,000 Deductible 80% coverage after deductible $20 PCP office visit co-pay $30 Specialist office visit co-pay | $3,000 Deductible 50% coverage after deductible |
| Buy-Up Plan | $112.96 | $240.06 | $367.14 | $300 Deductible 90% coverage after deductible $15 PCP office visit co-pay $25 Specialist office visit co-pay | $1,000 Deductible 50% coverage after deductible |

## PRESCRIPTION BENEFITS - MEDCO/EXPRESS SCRIPTS          (800) 711-0917     www.medco.com
90 Day supply available through mail order ONLY and at double the 30 day co-pay for all three plans

| Basic - 30 Day Supply | Generic | Brand Preferred (formulary) | Brand Non-prfrd (non-formulary) | *CDHP-30 Day Supply | Generic | Brand Preferred (formulary) | Brand Non-prfrd (non-formulary) |
|---|---|---|---|---|---|---|---|
| | $15 | $30 | $45 | | $15 | $30 | $45 |

| Buy Up - 30 Day Supply | Generic | Brand Preferred (formulary) | Brand Non-prfrd (non-formulary) | *Preventive Rx covered at 100% per federal guidelines; CDHP co-pays for chronic Rx only; all other CDHP Rx subject to deductible |
|---|---|---|---|---|
| | $10 | $25 | $40 | |

## DENTAL & VISION PLANS

City Account Manager: Gib Peña (915) 212-1279

Metlife Co: (800) 880-1800          United Concordia: (800) 332-0366          Block Vision: (866) 265-0517

| | EE Only | EE + 1 | EE + 2 or more | |
|---|---|---|---|---|
| Metlife Dental | $4.60 | $8.50 | $10.79 | This plan is an HMO Dental Plan and Primary Dentist MUST be selected from list of providers. https://mybenefits.metlife.com |
| Concordia Dental with Ortho | $9.48 | $20.13 | $36.06 | This is a PPO Dental Plan and in-network provider list available for highest level of coverage. Out-of-Network benefits are subject to Usual and Customary (UCR) rates. Amounts over UCR rates will not be |
| Concordia Dental without Ortho | $9.04 | $18.60 | $30.14 | covered and patient can be balance billed by provider (average owed by patient). www.ucci.com/tucfcc/clients.jsp?id=206 |
| Block Vision | $2.44 | $4.27 | $6.35 | This plan is a PPO Vision Plan and in-network list available for highest level of coverage.  Must submit a claim form for out-of-network coverage reimbursement. www.blockvision.com |

## LIFE INSURANCE - The Standard          (800) 348-3226          www.standard.com

| Basic Life and AD&D | All eligible employees have $50,000 in Life coverage and AD&D; $2,000 life cvg for spouse; and $1,000 life cvg for each eligible dependent child under the age of 26 at no cost to the employee.  Employee MUST enroll to receive benefit and designate beficiaries.  Domestic Partner coverage subject to Imputed Income of $.31 |
|---|---|
| Supplemental Life | Approvals up to $200,000 are guaranteed for new employees.  After 30 days of continuous employment, changes can only be made with a qualifying life event or through Open Enrollment and subject to medical underwriting.  Evidence of Insurability application for underwriting process will be required with waiting period of approximately six (6) weeks for an answer from carrier.  Plan is age-graded term life policy. |

## Disability (Short Term Disability) - Trustmark          fax: (508) 853-2757
City Account Manager: Gib Peña (915) 212-1279          www.trustmarkinsurance.com

## Deferred Compensation - Prudential          www.prudentialretirement.ondialog.com/el_paso?
Local office: Presi Ortega and Associates (915) 778-2424          (877) 778-2100

| EP Fitness | VIP Corporate Account Membership available through payroll deduction for employees and their eligible dependents; no contract; monthly rate of 19.99 + tax ($10.82 bi-weekly) per member. (915) 534-9090     www.epfitness.com          Corp. Accounts Manager: Joseph Bringas  cell (915) 694-9286 |
|---|---|

| Wellness Program | Must be enrolled in City's Health Plan to participate in Wellness Program and is for employees only. 1) Wellness Preventive Initiative: $10 reimbursement on health deductions after annually meeting four preventive requirements 2) Gym Membership Reimbursement: $10 monthly reimbursement for attending gym facility at least eight times a month 3) Get Active Program: earn reward points by meeting team or individual goals set in a 8-12 week competition |
|---|---|

## IMPORTANT INSURANCE INFORMATION

AETNA (877) 800-8682 www.aetna.com        MEDCO, EXPRESS SCRIPTS(800) 711-0917 www.medco.com

- One card will be issued for the medical and prescription plan.
- Prescription plan information is on back of Aetna card and the employee's social security number is the member ID number.
- Bill and payment questions should be directed to Aetna and its representatives.

**IT IS THE EMPLOYEE'S RESPONSIBILITY:**

- To notify Benefit Services Office of any errors or omissions on their Payroll Deductions.  Failure to do so may result in paying back deductions and may affect insurance coverage.
- To notify the City's Benefit Services Office any of the following Qualifying Life Events within 30 days if changes need to be made to your insurance plan:

BIRTH - DEATH - DIVORCE - MARRIAGE - COURT ORDER - LEAVE OF ABSENCE
REDUCTION OF HOURS - LOSS OR BEGINNING OF CHILD DEPENDENCY - LOSS OR BEGINNING OF OTHER COVERAGE

**REQUIRED DOCUMENTATION FOR THE FOLLOWING QUALIFYING LIFE EVENTS:**

- Adding Dependents: birth certificates (hospital birth facts may be used for newborns) and social security numbers for all dependents
- Adding Spouse: marriage certificate or common-law certificate, social security number and date of birth of spouse
- Dropping Spouse due to divorce: final divorce decree
- Adding or Dropping Domestic Partner: Domestic Partnership Affidavit with required documentation
- Adding or Dropping Coverage Due to Coverage Elsewhere: confirmation notice from other carrier as to effective date of coverage.

Plan Snapshot for summary purposes only ~ Please refer to Medical Booklet and Schedule of Benefits for full information:
http://home.elpasotexas.gov/human-resources/risk-managment/health.php

| Features | In-Network | | | Out-of-Network | | |
|---|---|---|---|---|---|---|
| | **CDHP** | **Basic** | **Buy Up** | **CDHP** | **Basic** | **Buy Up** |
| Individual annual deductible | $3,000 | $1,000 | $300 | $8,000 | $3,000 | $1,000 |
| Family annual deductible | $6,000 | $2,500 | $750 | $16,000 | $7,500 | $2,500 |
| Co-insurance paid by plan | 100% | 80% | 90% | 50% | 50% | 50% |
| Max individual out-of-pocket | $3,000 | $2,000 | $1,500 | $8,000 | $6,000 | $4,500 |
| Max lifetime benefit | n/a | n/a | n/a | n/a | n/a | n/a |
| **Hospital Services** | | | | | | |
| Per admission co-pay | ded then 100% | $100 | $100 | ded then 50% | $500 | $500 |
| Room & board (semi-private) | ded then 100% | ded then 80% | ded then 90% | ded then 50% | ded then 50% | ded then 50% |
| Ancillary hospital charges | ded then 100% | ded then 80% | ded then 90% | ded then 50% | ded then 50% | ded then 50% |
| Outpatient | ded then 100% | ded then 80% | ded then 90% | ded then 50% | ded then 50% | ded then 50% |
| Emergency room co-pay | ded then 100% | $75 | $75 | ded then 50% | $75 | $75 |
| **Physician Office Visits** | | | | | | |
| PCP Office Visit (general, family, internal, pediatrician) | ded then 100% | $20 | $15 | ded then 50% | ded then 50% | ded then 50% |
| Specialist Physician Office Visit | ded then 100% | $30 | $25 | ded then 50% | ded then 50% | ded then 50% |
| Services not included in office visit | ded then 100% | ded then 80% | ded then 90% | ded then 50% | ded then 50% | ded then 50% |
| Annual preventive care exam | 100% | 100% | 100% | ded then 50% | ded then 50% | ded then 50% |

| Pharmacy Benefits - *30 Day | In-Network | | | Out-of-Network |
|---|---|---|---|---|
| | Generic | Brand Preferred (formulary) | Brand Non-Prfrd (non-formulary) | |
| Basic Plan | $15 | $30 | $45 | No out-of-network coverage |
| Buy Up Plan | $10 | $25 | $40 | |

*90 Day at 30day x2 rate by Mail Order ONLY  Per federal guidelines, preventive Rx covered at 100%. For CDHP:  Same Basic Plan co-pays apply for CDHP Plan for chronic Rx; all other subject to deductible

### Domestic Partner Bi-weekly rates with Imputed Income

| EE and DP combinations | CDHP Plan | Basic Plan | Buy Up Plan |
|---|---|---|---|
| EE Only plus Domestic Partner Adult* | $41.59   plus   $55.58   and $119.08 of imputed income | $65.36   plus   $79.39   and $119.08 of imputed income | $112.96 plus $127.10   and $119.08 of imputed income |
| EE+1 plus Domestic Partner Adult* | $97.17   plus   $55.58   and $119.11 of imputed income | $144.75 plus $79.41   and $119.11 of imputed income | $240.06 plus $127.08   and $119.11 of imputed income |
| EE only plus Domestic Partner and child(ren) | $41.59   plus   $111.16 and $238.19 of imputed income | $65.36   plus   $158.80   and $238.19 of imputed income | $112.96 plus $254.18   and $238.19 of imputed income |
| EE+1 and EE+2> plus DP and children | Processed same as (EE only) + (DP adult+Children) | | |

DP rates in addition to before-tax Employee rates. DP portions are on after-tax basis and subject to imputed income

# Attachment 2

City of El Paso Texas
City of El Paso Texas, Office of the Comptroller
El Paso, TX 79950

| Pay Group | BWI-CIVILIAN III | Business Unit: COFEP |
| Pay Begin Date | 08/19/2018 | Advice # | 0000000002795194 |
| Pay End Date | 09/01/2018 | Advice Date | 09/07/2018 |

Vanessa St. Pierre
12216 Kira Christel
El Paso, TX 79936

Employee ID: 032721
Department:   41246-TDH WIC SERVS
Location:     Health - Administration
Job Title:    Nutrition Services Manager
Pay Rate:     $2,598.42 Biweekly

| TAX DATA | Federal | TX State |
| Marital Status | Married | N/A |
| Allowances | 2 | 0 |
| Addl. Pct. | | |
| Addl. Amt. | | |

## HOURS AND EARNINGS

| | | Current | | | YTD | |
| Description | Rate | Hours | Earnings | Hours | Earnings |
|---|---|---|---|---|---|
| Regular Pay | 32.480189 | 42.00 | 1,364.17 | . | . |
| Sick Leave Dependent | 32.480189 | 26.00 | 844.48 | . | . |
| Vacation Pay | 32.480189 | 12.00 | 389.76 | . | . |
| Sick Leave-Personal Days | | | 0.00 | . | . |
| Sick Leave With Pay | | | 0.00 | . | . |
| Sick Leave Funeral | | | 0.00 | . | . |
| Holiday Pay | | | 0.00 | . | . |
| Birthday Holiday | | | 0.00 | . | . |
| | | | | | |
| Total: | | +0.00 | 2,598.41 | | . |

## TAXES

| Description | Current | YTD |
|---|---|---|
| Fed Withholding | 107.65 | |
| Fed MED EE | 29.22 | |
| Fed OASDI EE | 124.94 | |
| | | |
| Total: | 261.81 | . |

## BEFORE-TAX DEDUCTIONS

| Description | Current | YTD |
|---|---|---|
| POS Basic - Pre Tax | 445.25 | . |
| Vision Pre Tax | 2.37 | . |
| PPO Dental w/o Ortho PT | 27.23 | . |
| FSA Health | 108.34 | . |
| Regular Employee Pen Pre Tax | 232.56 | . |
| | | |
| Total: | 815.75 | . |

## AFTER-TAX DEDUCTIONS

| Description | Current | YTD |
|---|---|---|
| Optional Life After Tax Ded | 9.90 | . |
| | | |
| Total: | 9.90 | . |

EE's supp. only

## EMPLOYER PAID BENEFITS

| Description | Current | YTD |
|---|---|---|
| POS Basic - Pre Tax | 471.66 | . |
| Basic Life - City Sponsored EE | 1.73 | . |
| Employer Contribu City Pension | 365.08 | . |
| Workers' Comp EE Rate | 35.34 | . |
| | | |
| * Taxable | | |

| | TOTAL GROSS | FED TAXABLE GROSS | TOTAL TAXES | TOTAL DEDUCTIONS | NET PAY |
|---|---|---|---|---|---|
| Current: | 2,598.41 | 1,792.66 | 261.81 | 825.65 | 1,510.95 |

## NET PAY DISTRIBUTION

| Advice #0000000002795194 | | | 1,510.95 |
| Total: | | | 1,510.95 |

City of El Paso Texas
City of El Paso Texas
Office of the Comptroller
El Paso, TX  79950

Date
09/07/2018

Advice No.
2795194

## DIRECT DEPOSIT DISTRIBUTION

| Account Type | Account Number | Deposit Amount |
|---|---|---|
| Checking | XXX6206 | 1,510.95 |
| | | |
| Total | | 1,510.95 |

Deposit Amount:   $1,510.95

To The
Account(s) Of

VANESSA ST. PIERRE
12216 Kira Christel
El Paso, TX  79936

Location: Health - Administration

# NON-NEGOTIABLE

# Attachment 3

CITY HR – BENEFIT SERVICES  
Benefits@elpasotexas.gov

**ENROLLMENT FORM 2018**  
NON – UNIFORM

INSURANCE EFFECTIVE DATE  
JANUARY 1, 2018

☐ NEW EMPLOYEE   ✓ OPEN ENROLLMENT   ☐ QUALIFYING EVENT

New Employees: Submit this form and any applicable documents to Benefit Services no later than 30 calendar days from your 1st day of employment.

Continuing Employees: To make changes due to the occurrence of a qualifying event change in status, attach supporting documents and turn this form in to Benefit Services no later than 30 calendar days from the date of qualifying event change in status.

Employees adding coverage for dependents must provide documentation by December 15, 2017 supporting the relationship and the eligibility of the dependent, including spouse/domestic partner or children, with the enrollment form.

Deliver form and applicable attachments to Benefit Services at Benefits@elpasotexas.gov in 300 N. Campbell, El Paso, Texas 79901, or fax to 866-504-7142

### PART A   EMPLOYEE INFORMATION

| KRONOS ID | Phone # | Email | | For HR-BENEFITS Staff Use Only |
|---|---|---|---|---|
| 022724 | 915 731-5778 | St.pierrev @elpasotexas.gov | | |

Name (Last, First, Middle)  
St Pierre, Vanessa

Address  
12216 Kira Christel

City, State, Zip  
El Paso TX 79936

Proof of Bloodwork

### PART B   HEALTH INSURANCE          SELECT A PLAN, TIER, & TAX OPTION or WAIVE

| PLAN | ☒ BASIC | ☐ BUY UP | ☐ CDHP | ☐ |
|---|---|---|---|---|
| TIER | ☐ EE ONLY | ☐ EE + SPOUSE / DP | ☐ EE + CHILD(REN)   ☒ EE + FAMILY | WAIVE |
| TAX | ☒ BEFORE TAX | ☐ AFTER TAX | | |

**CDHP ENROLLMENTS – IMPORTANT INFORMATION**  
You will automatically receive the City's HSA contribution unless you select WAIVE below.  
The Open Enrollment Newsletter provides HSA eligibility details.  
The City's HSA contribution will count towards the $3,450 HSA limit for EE Only and $6,900 HSA limit for EE + Dependents.

### PART C   FLEX SPENDING / HEALTH SAVINGS ACCOUNT

| ACCOUNT | BIWEEKLY | ANNUAL | |
|---|---|---|---|
| FSA MEDICAL | $ 108.33 | Biweekly x 24 pay periods | $ 2600.00 |
| FSA DEPENDENT DAYCARE | $ | Biweekly x 24 pay periods | $ |
| HEALTH SAVINGS | $ | Biweekly x 24 pay periods | $ |
| SELECT TO WAIVE | ☐ ALL   ☐ FSA MED   ☒ FSA DC   ☒ HSA | | |

### PART D   VISION / DENTAL INSURANCE          SELECT A PLAN, TIER, & TAX OPTION or WAIVE

| | | | | | |
|---|---|---|---|---|---|
| PPO VISION | ☒ EE ONLY | ☐ EE + 1 | ☐ EE + 2 or MORE | ☒ Before Tax | ☐ After Tax |
| HMO DENTAL Facility # | ☐ EE ONLY | ☐ EE + 1 | ☐ EE + 2 or MORE | ☐ Before Tax | ☐ After Tax |
| PPO DENTAL w/ORTHO | ☐ EE ONLY | ☐ EE + 1 | ☐ EE + 2 or MORE | ☐ Before Tax | ☐ After Tax |
| PPO DENTAL w/o ORTHO | ☐ EE ONLY | ☐ EE + 1 | ☒ EE + 2 or MORE | ☒ Before Tax | ☐ After Tax |
| SELECT TO WAIVE | ☐ ALL   ☐ VISION   ☐ HMO DENTAL   ☐ PPO w/ORTHO   ☐ PPO w/o ORTHO | | | | |

### PART E   SUPPLEMENTAL / BASIC LIFE INSURANCE   (Supplemental Life increases may require an Evidence of Insurability Form)

Basic Life and AD&D for Employee $50K; Dependent Life for Spouse $2K; Child(ren) $1K

| SELECT ONE | ☐ Employee Only | ☒ Employee + Dependent(s) | | ☐ WAIVE | |
|---|---|---|---|---|---|
| AMOUNTS | EMPLOYEE | SPOUSE / DP | CHILD(REN) | PENDING E of I | CRITERIA |
| TOTAL | $ SAME | SAME | $ | ☐ EMPLOYEE | EMPLOYEE - Max 200K<br>E of I required for any increase over 10k |
| PENDING | $ | $ | $ | ☐ SPOUSE /DP | SPOUSE/DP – Max 50% of Employee<br>E of I required for any increase |
| BIWEEKLY | $ | $ | $ | ☐ CHILD(REN) | CHILD(REN)  Max 10K<br>E of I required for any increase |

Special provisions for CY2018 open enrollment only:

Employees may increase their supplemental life volume without Evidence of Insurability (E of I) by up to $50,000 not to exceed a total of $200,000. Spouses may increase their supplemental life volume without E of I by up to $20,000 not to exceed a total of $20,000. Any increased amount in excess of these limits is subject to E of I.

# Attachment 4

**St.Pierre, Vanessa**

| | |
|---|---|
| **From:** | Michel, Mary L. |
| **Sent:** | Thursday, September 20, 2018 3:54 PM |
| **To:** | St.Pierre, Vanessa |
| **Subject:** | RE: Benefits Department Errors affecting my benefits |

Ms. St. Pierre,

Thank you for your email and I am sorry this has not been a smooth process for you.

My staff has been working to get me the required documentation and I would like to set up a meeting with you next week to discuss your situation.

Is there a day and time that would work best for you?

Thanks,


*Mary Michel*, PHR, SHRM-CP
Human Resources Assistant Director
Human Resources Department
300 North Campbell – 1st Floor
El Paso, TX 79901
(915) 212-1267
michelml@elpasotexas.gov


**From:** St.Pierre, Vanessa
**Sent:** Thursday, September 13, 2018 10:57 AM
**To:** Michel, Mary L. <MichelML@elpasotexas.gov>
**Subject:** Benefits Department Errors affecting my benefits

Good Morning Ms. Michel,

  I was given your name in order to reach out to you regarding some errors that occurred that have affected my benefits greatly. I was hoping you could assist me in correcting this error if possible so that I may obtain the benefits I had requested and was led to believe I had enrolled in. In particular, on at least two separate occasions the benefits specialists of your department led me to believe that my husband was covered after requesting coverage for supplemental life insurance.

  Upon my employment in September of 2014 at my initial enrollment I requested maximum coverage of supplemental life insurance for both my husband and myself. I selected this in particular because I was told approvals were guaranteed at initial employment and that my husband could get 50% of my elected rate. I noted "OLIFAT" on my check stub monthly and attributed the deduction to the life insurance I requested being taken out of my check monthly, thus believing he was covered as I requested. Upon my inquire to determine how to obtain the supplemental life insurance since my husband passed away last week, I was made aware yesterday by Brenda Kinderman over a phone call that my husband had no supplemental insurance and that only I was covered with maximum supplemental life insurance. I do not believe I should suffer the consequences of your departments mistakes.

At the very least, after it appears your department made the initial mistake all this time, I again requested this supplemental insurance when discussing my request of $200,000 for myself and $100,000 for my spouse last year with another benefits specialist at open enrollment on December 13, 2017. During the enrollment process, I had completed as much of the form as possible however, the rates of supplemental insurance coverage were not provided on the annual enrollment package (see attached) so I left the Part E Supplemental Life Insurance blank. It was at that time that after informing the benefits specialist of what I was wanting that he completed the application for both myself and my spouse supplemental insurance. I was again led to believe that I had supplemental insurance for my husband after he completed the form in which he indicated the selection of Employee and Dependents and wrote "SAME" under the rates of both Employee and Spouse/DP instead of the rates. I have attached the form I am indicating for your perusal.

It is my hope that you can help in alleviating this stress and burden at the present time. Had I been made aware that my husband was not insured through the City of El Paso as I was led to believe, I would have looked for private term insurance elsewhere. My family was depending on this life insurance  and I ask that you can assist in obtaining the funds of a $100,000 life policy. I look forward to your response.

Thank you,

Vanessa St Pierre, RDN, LD, IBCLC

Nutrition Services Manager
City of El Paso Department of Public Health
WIC Program
915-731-5778

2

# Attachment 5

LAW OFFICES OF

# MIKE MILLIGAN

**ATTORNEY AT LAW**
4171 N. Mesa
SUITE B-201
El Paso, Texas 79902

(915) 544-5587
FAX (915) 544-2773
email: elpasomike13@aol.com

*Certified in Labor & Employment
and Civil Trial Law by the Texas
Board of Legal Specialization*

*Licensed in Texas and New Mexico,
State and Federal Courts*

*Via Certified Mail*
*Return Receipt Requested*

October 24, 2018

Claims Department
Dearborn National Life Insurance Company
1020 31st Street
Downers Grove, IL 60515-5591

Re:    Dependent Life Insurance Claim of Beneficiary Vanessa St. Pierre
City of El Paso Policy Number F022145-0001, Class 1-4
Dependent Date of Death: August 31, 2018

To the Plan Administrator:

Ms. St. Pierre has retained me to present the above claim and request information concerning it. A copy of my power of attorney is enclosed. Please investigate the claim in accordance with your claims procedure.

I note that your Summary Plan Description states that it is covered by the Employee Retirement Income Security Act (ERISA). Without conceding the applicability of ERISA, I wish to request in Ms. St. Pierre's behalf all of the information required by 29 U.S.C. § 1024(b)(4). This includes, but is not limited to, the Master Plan Document (MPD), including all amendments thereto; the Summary Plan Description; and all other documents which you claim constitute the terms of the Plan.

If you have any questions, comments, or requests, please call, write, or email them to me, and I will address them promptly. Again without conceding the applicability of ERISA, I invite your attention to the time limits therein and the daily penalties for a violation thereof.

Sincerely,

Mike Milligan
Attorney for Vanessa St. Pierre

MM/cm
Enclosure



# Attachment 6

LAW OFFICES OF

# MIKE MILLIGAN

**ATTORNEY AT LAW**
4171 N. Mesa
SUITE B-201
El Paso, Texas 79902

(915) 544-5587
FAX (915) 544-2773
email: elpasomike13@aol.com

*Certified in Labor & Employment
and Civil Trial Law by the Texas
Board of Legal Specialization*

*Licensed in Texas and New Mexico,
State and Federal Courts*

November 5, 2018

City of El Paso
Human Resources Department
300 North Campbell
El Paso, TX 79901

Attention:  Director of Human Resources

   Re: Dependent Life Insurance Claim of City Employee Vanessa St. Pierre

To the Director:

  This is to advise you that I represent Ms. St. Pierre in connection with an apparent dispute between her and you about benefits payable for the death of her spouse on August 31, 2018. Enclosed herewith are copies of my power of attorney and benefit claim filed with Dearborn National Life Insurance Company.  My client and I sent the claim to Dearborn because of the dispute.

  Maritza (last name unknown) told me over the phone this afternoon that Dearborn could not process the claim because it was not submitted by the City.  The apparent (to me) reason for that is that you have decided Ms. St. Pierre's claim is invalid and want her to discount it by $80,000.  My client and I can certainly understand that $100,000 is a fairly hot potato, but Dearborn and the City do not have the right or the authority to play catch with it indefinitely.

  Please send the claim form and the entire file to Dearborn, with a copy to me.  You no doubt will unjustly recommend denial of it, but Dearborn at least is committed to following reasonable claims and appeals procedures under ERISA.

     Sincerely,

     Michael T. Milligan
     Michael T. Milligan
     Attorney for Vanessa St. Pierre

MM cm
Enclosures



November 5, 2018
Page 2


cc (sans enclosures):

Claims Department
Dearborn National Life Insurance Company
1020 31st Street
Downers Grove, IL 60515-5591

Ms. Vanessa St. Pierre
12216 Kira Christel
El Paso, TX 79936

# Attachment 7

LAW OFFICES OF

# MIKE MILLIGAN

(915) 544-5587
FAX (915) 544-2773
email: elpasomike13@aol.com

**ATTORNEY AT LAW**
4171 N. Mesa
SUITE B-201
El Paso, Texas 79902

*Certified in Labor & Employment
and Civil Trial Law by the Texas
Board of Legal Specialization*

*Licensed in Texas and New Mexico,
State and Federal Courts*

December 6, 2018

Claims Department
Dearborn National Life Insurance Company
1020 31st Street
Downers Grove, IL 60515-5591

City of El Paso
Human Resources Department
300 N. Campbell
El Paso, TX 79901

> Re:  Dependent Life Insurance Claim of Beneficiary Vanessa St. Pierre
> City of El Paso Policy Number F022145-0001, Class 1-4
> Dependent Date of Death:  August 31, 2018

To the Above Addressees:

Enclosed for both of you are copies of my prior correspondence about the above matter, which both of you have ignored.  It appears to me, as a lawyer with 41 years' experience handling ERISA cases, that you have waived your right to require that Ms. St. Pierre exhaust her administrative remedies.

Please advise me in writing, on or before December 31, 2018, of all reasons you have for disagreeing with my opinion and giving us instructions as to what she and I must do as a prerequisite to filing suit against both of you.  Failing that, my client and I can only conclude that your joint refusal to follow your claims procedure is an abuse of discretion, for which Ms. St. Pierre has a right to litigate in Federal Court.

And please, no more of this nonsense that only the City, not Ms. St. Pierre, has a right to require Dearborn to process her claim.  And no communication by telephone to preserve deniability of your opportunism.

Sincerely,

*Michael T. Milligan*

Michael T. Milligan
Attorney at Law

MM/cm
Enclosure



# Attachment 8

LAW OFFICES OF

# MIKE MILLIGAN

(915) 544-5587
FAX (915) 544-2773
email: elpasomike13@aol.com

**ATTORNEY AT LAW**
4171 N. Mesa
SUITE B-201
El Paso, Texas 79902

*Certified in Labor & Employment
and Civil Trial Law by the Texas
Board of Legal Specialization*

*Licensed in Texas and New Mexico,
State and Federal Courts*

February 15, 2019

Claims Department
Dearborn National Life Insurance Company
1020 31st Street
Downers Grove, IL 60515-5591

Via Fax 855-645-8242

City of El Paso
Human Resources Department
300 N. Campbell
El Paso, TX 79901

Via Certified Mail
Return Receipt Requested

Re:   Dependent Life Insurance Claim of Beneficiary Vanessa St. Pierre
      City of El Paso Policy Number F022145-0001, Class 1-4
      Dependent Date of Death:  August 31, 2018

To the Above Addressees:

Please advise me, as attorney for Ms. St. Pierre, of the amount of premiums which the City mistakenly failed to deduct from her wages to pay the premiums on the life insurance policy which is the subject of this apparent dispute.

It is Ms. St. Pierre's intention to tender that amount by cashier's check to the City of El Paso.  By copy of this letter to the City Attorney's office, Ms. St. Pierre is exercising her First Amendment right to petition the City for redress of her grievances, an exception to Rule 4.02(a) of the Texas Disciplinary Rules of Professional Conduct.

Respectfully yours,

Michael T. Milligan
Attorney for Vanessa St. Pierre

MM/cm

cc:   El Paso City Attorney
      Via Email cityattorney@elpasotexas.gov



# Attachment 9



**Human Resources**

RECEIVED

APR 3 2019

**Mayor**
Dee Margo

**City Council**

*District 1*
Peter Svarzbein

*District 2*
Alexsandra Annello

*District 3*
Cassandra Hernandez

*District 4*
Dr. Sam Morgan

*District 5*
Isabel Salcido

*District 6*
Claudia Ordaz Perez

*District 7*
Henry Rivera

*District 8*
Cissy Lizarraga

**City Manager**
Tommy Gonzalez

April 1, 2019

Mr. Mike Milligan
Law Offices of Mike Milligan
4171 N. Mesa, Suite B-201
El Paso, Texas 79902

Re:   Dependent Life Insurance Claim of Vanessa St. Pierre
      Dearborn National/City of El Paso Policy Number F022145-0001, Class 1-04

Dear Mr. Milligan:

The City of El Paso ("City") is in receipt of the notice of dispute of your client, Vanessa St. Pierre, in connection with her claim for benefits associated with the death of her husband on August 31, 2018.  This letter is to inform you that the City of El Paso has tendered your client's dependent life insurance claim to Dearborn National for handling.

Please direct all future communications and correspondence to Dearborn National.

Sincerely,

Linda Ball Thomas
Human Resources Director

Cc: Dearborn National

Linda Ball Thomas, IPMA-SCP, PHR, SHRM-SCP – Human Resources Director
City # 1 | 300 N. Campbell | El Paso, Texas 79901 | (915) 212-0045

*"Delivering Outstanding Services"*

# Attachment 10

**Dearborn ★ National**®
P.O. Box 7070
Downers Grove, Illinois 60515-5591

VANESSA ST. PIERRE
12216 KIRA CHRISTEL
EL PASO, TX 79936

May 16, 2019

RE:   Group Life Claim Case
      Insured: ALFRED J ST PIERRE
      Group: CITY OF EL PASO
      Group No: F022145:1
      Claim No: K201818111
      Company: Dearborn National Life Insurance Company

Dear Vanessa:

Your Dearborn National family has been working on your behalf to process your claim and provide you with the best possible outcome.

We have completed our review of your claim. Unfortunately, we are not able to approve Group Life Benefits on this claim because the dependent spouse Mr. Alfred St. Pierre was not eligible for coverage.

The above group plan contains the following provisions:

### "SCHEDULE OF BENEFITS"

**DEPENDENT TERM LIFE INSURANCE**
Spouse Benefit Amount
Includes *Registered Domestic Partner*      Basic: $2,000

Spouse Benefit Amount
Includes *Registered Domestic Partner*      Supplemental: Incremental selection from a minimum of $10,000 to a maximum of $100,000 in increments of $10,000, not to exceed 50% of Your amount.

### *DEPENDENT LIFE INSURANCE*

*What is the Dependent Life Insurance Benefit?*
*We* will pay *You* the amount of insurance set forth in the Schedule of Benefits on the life of *Your Dependent*(s) while *Your* insurance is in force. Payment will be in one lump sum.

Products and services marketed under the Dearborn National® brand and the star logo are underwritten and/or provided by Dearborn National® Life Insurance Company (Downers Grove, IL) in all states (excluding New York), the District of Columbia, the United States Virgin Islands and Puerto Rico.

VANESSA ST. PIERRE

### Who is eligible for Dependent Life Insurance?

If *You* are insured for life insurance under the Policy and belong to a class listed in the Schedule of Benefits as eligible
for Dependent Life Insurance benefits, *You* are eligible to enroll for this benefit. If *You* or *Your Spouse* are enrolled for
Dependent Life Insurance and subsequently acquire a new *Eligible Dependent*, that *Dependent* will automatically be
covered.

### When does Dependent Life Insurance become effective?

Provided *You*:
1. have completed any required *Employee Eligibility Waiting Period*; and
2. apply for Dependent Life Insurance no later than 31 days after becoming eligible for this benefit; and
3. have paid or are obligated to pay any applicable premium,
Life insurance for *Your Eligible Dependent(s)* will become effective on the later of:
1. the first of the month that falls on or next follows date *Your* group insurance coverage becomes effective;
2. the first of the month that falls on or next follows effective date of the Dependent Life Insurance benefit; or
3. the first of the month that falls on or next follows date *You* enroll *Your Eligible Dependent(s)*;
4. the first of the month that falls on or next follows the date *You* acquire *Your Eligible Dependent(s)*;
5. if *Evidence of Insurability* is required, the date We determine that evidence is satisfactory and We provide notice of approval.

If *You* enroll for Dependent Life Insurance more than 31 days after *You* are eligible to do so, *You* must furnish
*Evidence of Insurability* satisfactory to *Us* for each *Dependent*, and coverage will become effective as set forth above.

If an *Eligible Dependent* is required to submit satisfactory *Evidence of Insurability* for any reason, insurance
in the amount for which We require such evidence will become effective on the date *We* determine that the
evidence is satisfactory and We provide notice of approval.

If an *Eligible Dependent* is *Hospital Confined* or *Your* eligible *Spouse* is unable to perform two of the *Activities of
Daily Living* on the date coverage would otherwise become effective, insurance will not become effective until the
date the *Eligible Dependent* is *No Longer Hospital Confined* or *Your Spouse* is able to perform at least two of the
*Activities of Daily Living*.

### Definitions which apply to the Dependent Life Insurance provision:

*Eligible Dependent means:*
1. the Spouse or Domestic Partner of each individual eligible to be insured under the Policy;

*Spouse* means lawful spouse. *Spouse* will include *Your Registered Domestic Partner.*

*Evidence* of *Insurability* means a statement of *Your* medical history which *We* will use to determine if *You* are
approved for coverage. *Evidence of Insurability* will be provided at *Our* expense if *You* enroll within 31 days after
*Your* eligibility date. *Evidence of Insurability* will be provided at *Your* expense if *You* are a late applicant, which
means *You* enroll for insurance more than 31 days after *Your* eligibility date.

We reviewed the following documentation in making our determination:

1. Group Certificate

P.O. Box 7070, Downers Grove, Illinois 60515-5591 ▲ Toll Free  800.778 2281 ▲ Fax  855.645 8242

Products and services marketed under the Dearborn National® brand and the star logo are underwritten and/or provided by Dearborn National® Life
Insurance Company (Downers Grove, IL) in all states (excluding New York), the District of Columbia, the United States Virgin Islands and Puerto Rico

2. Employer Claim Form
3. Enrollment Form
4. Financial Records

We received correspondence from City of El Paso advising us that your date of hire was August 11, 2014. You became eligible for benefits the first of the month following 30 Days of continuous, full-time active work on October 01, 2014. By enrollment form dated August 12, 2014, Mrs. St. Pierre, a current employee of the City of El Paso, sought to enroll her husband, Alfred St. Pierre, as a dependent spouse for $100,000.00 in life insurance coverage being provided by Dearborn. In order to obtain coverage in this amount for Mr. St. Pierre, Mrs. St. Pierre needed to submit a completed Evidence of Insurability form and have the coverage approved by Dearborn. Dearborn did not receive a completed Evidence of Insurability form for Mr. St. Pierre and accordingly, did not approve the coverage.

Under the terms of the Policy, the applicant is not covered until approved by Dearborn and the City should not withdraw premium payments from the employee's paycheck until it receives written approval from Dearborn. The City provided us with copies of pay stubs demonstrating that the premium was not withdrawn from Mrs. St. Pierre's paycheck for the payment of the putative insurance coverage claimed to be in force. In addition, we received electronic data showing that Mrs. St. Pierre logged into the employee benefit system on November 17, 2016 to review her benefits and made no changes. Furthermore, the City provided a completed enrollment form signed and dated December 13, 2017 in which Mrs. St. Pierre did not make any changes to coverage. Mr. St. Pierre died on August 31, 2018. As of the time of his death, Dearborn has not received any proof demonstrating that Mr. St. Pierre submitted Evidence of Insurability to Dearborn, Dearborn approved the coverage or that premiums were paid by Mrs. St. Pierre to keep the coverage in force.

For these reasons, we regret to inform you that we are unable to approve Group Life Benefits on this claim. If you choose to appeal this determination, please provide any evidence indicating that Dearborn approve Mr. St. Pierre for dependent spousal coverage and that premiums were paid to Dearborn.

No internal rules, guidelines, protocols, standards or other similar criteria exist relevant to our conclusion.

Any additional information must be submitted within the time for appeal as noted.

If you disagree with the position of the Company, we are happy to review any additional facts you may wish to submit. If you have any questions regarding this determination, please feel free to contact me directly at 800-778-2281, ext. ####. If you disagree with this determination, you may appeal this claim decision by sending your written request for review to:

**Dearborn National Life Insurance Company**
**Claim Department**
**Attn: Appeals Specialist**
**Administrative Office:**
**P.O. Box 7070**
**Downers Grove, IL 60515-5591**

Dearborn National Life Insurance Company reserves all of its rights and defenses whether expressly stated or implied.

Products and services marketed under the Dearborn National® brand and the star logo are underwritten and/or provided by Dearborn National® Life Insurance Company (Downers Grove, IL) in all states (excluding New York), the District of Columbia, the United States Virgin Islands and Puerto Rico

VANESSA ST PIERRE

Sincerely,

*LaTrina Dorsey*

LATRINA DORSEY
Claims Advocate I
Dearborn National
Claims Department

P.O. Box 7070, Downers Grove, Illinois 60515-5591 ▲ Toll Free: 800.778.2281 ▲ Fax: 855.645.8242

Products and services marketed under the Dearborn National® brand and the star logo are underwritten and/or provided by Dearborn National® Life
Insurance Company (Downers Grove, IL) in all states (excluding New York), the District of Columbia, the United States Virgin Islands and Puerto Rico

## IN THE DISTRICT COURT OF EL PASO COUNTY, TEXAS
## 243RD JUDICIAL DISTRICT COURT

| | |
|---|---|
| **VANESSA ST. PIERRE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Cause No. 2019DCV2376** |
| ) | |
| **CITY OF EL PASO, TEXAS,** ) | |
| **and DEARBORN NATIONAL LIFE** ) | |
| **INSURANCE COMPANY,** ) | |
| ) | |
| **Defendants.** ) | |

## PLAINTIFF'S REQUEST FOR DISCLOSURE

**TO:**    **City of El Paso, Texas, and Dearborn National Life Insurance Company**

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, you are requested to disclose within 50 days of service of this request, the information or material described in Rule 194.2 and all of its subparts, "a" through "l" (see Exhibit A) to the extent that the requested information is applicable to you.  You are reminded that your response to this request for disclosure is required under the terms of Texas Rule of Procedure 194 and no objection or assertion of work product privilege is permitted to a request pursuant to Rule 194.5.  Your response must be served on counsel for Plaintiff at 4171 N. Mesa St., Suite B-201, El Paso, Texas 79902.

RESPECTFULLY SUBMITTED this 25th day of June, 2019.

MICHAEL T. MILLIGAN
4171 N. Mesa St., Suite B-201
El Paso, Texas 79902
915-544-5587
Fax 915-544-2773
Texas Bar No. 14148200
elpasomike13@aol.com

The DOMINGUEZ LAW FIRM P.L.L.C.
4171 N. Mesa St., Suite B-201
El Paso, Texas 79902
Telephone: (915) 544-7087
Facsimile:   (915) 544-8305

LETICIA DOMINGUEZ
Texas Bar No. 00795741
LDominguez32@elp.rr.com


By:____*/s/ Michael T. Milligan*_____
      MICHAEL T. MILLIGAN

ATTORNEYS FOR PLAINTIFF


## CERTIFICATE OF SERVICE

I certify that, on the 25th day of June, 2019, I delivered a copy of the foregoing document to the process server herein, with instructions to serve it on Defendants City of El Paso, Texas, and Dearborn National Life Insurance Company with Plaintiffs' Original Petition.

_____*/s/ Michael T. Milligan*_____
**MICHAEL T. MILLIGAN**

## EXHIBIT A TO REQUEST FOR DISCLOSURE

(a)     The correct names of the parties to the lawsuit.

(b)     The name, address, and telephone number of any potential parties.

(c)     The legal theories and, in general, the factual bases of the responding party's claims or defenses (the responding party need not marshal all evidence that may be offered at trial).

(d)     The amount and any method of calculating economic damages.

(e)     The name, address, and telephone number of persons having knowledge of relevant facts, and a brief statement of each identified person's connection with the case.

(f)     For any testifying expert:

    (1)     The expert's name, address, and telephone number;

    (2)     The subject matter on which the expert will testify;

    (3)     The general substance of the expert's mental impressions and opinions and a brief summary of the basis for them, or if the expert is not retained by, employed by, or otherwise subject to the control of the responding party, documents reflecting such information;

    (4)     If the expert is retained by, employed by, or otherwise subject to the control of the responding party:

        (A)     all documents tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony, and

        (B)     The expert's current resume and bibliography.

(g)     Any indemnity and insuring agreements described in Rule 192.3(f).  This includes, but is not limited to, a statement of which party you content is liable to pay any policy proceeds to which Plaintiff establishes her entitlement.

(h)     Any settlement agreements described in Rule 192.3(g).

(i)     Any witness statements described in Rule 192.3(h).

(j)     In a suit alleging physical or mental injury and damages from the occurrence that is the subject of the case, provide all medical records and bills that are reasonably related to the

injuries or damages asserted or, in lieu thereof, an authorization permitting the disclosure of such medical records and bills.

(k)     In a suit alleging physical or mental injury and damages from the occurrence that is the subject of the case, provide all medical records and bills obtained by the responding party by virtue of an authorization furnished by the requesting party.

(l)     The name, address, and telephone number of any person who may be designated as a responsible third party.

*See* TEXAS RULE OF CIVIL PROCEDURE 194.2, EFFECTIVE JANUARY 1, 1999, AS AMENDED MAY 1, 2004.

IN THE DISTRICT COURT OF EL PASO COUNTY, TEXAS
243RD JUDICIAL DISTRICT COURT

| | | |
|---|---|---|
| **VANESSA ST. PIERRE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Cause No. 2019DCV2376** |
| | ) | |
| **CITY OF EL PASO, TEXAS,** | ) | |
| **and DEARBORN NATIONAL LIFE** | ) | |
| **INSURANCE COMPANY,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION
## TO DEFENDANTS

TO:    **City of El Paso, Texas, and Dearborn National Life Insurance Company**

Plaintiff Vanessa St. Pierre serves this request for production on Defendants City of El Paso, Texas, and Dearborn National Life Insurance Company, as allowed by Texas Rule of Civil Procedure 196. Defendants must produce all requested documents (as they are kept in the ordinary course of business or organized and labeled to correspond with categories in each request) for inspection and copying, not more than 50 days after service, at 4171 N. Mesa St., Suite B-201, El Paso, Texas 79902.

## INSTRUCTIONS

1.    Answer each request for documents separately by listing the documents and by describing them as defined below. If documents produced in response to this request are numbered for production, in each response provide both the information that identifies the document and the document's number.

2.    For a document that no longer exists or that cannot be located, identify the document, state how and when it passed out of existence or could no longer be located, and the reasons for the disappearance. Also, identify each person having knowledge about the disposition or loss of the document, and identify any other document evidencing the lost document's existence or any facts about the lost document.

a. When identifying the document, you must state the following:

(1) The nature of the document (e.g., letter, handwritten note).

(2) The title or heading that appears on the document.

(3) The date of the document and the date of each addendum, supplement, or other addition or change.

(4) The identities of the author, signer of the document, and person on whose behalf or at whose request or direction the document was prepared or delivered.

b. When identifying the person, you must state the following:

(1) The full name.

(2) The present or last known residential address and residential telephone number.

(3) The present or last known office address and office telephone number.

(4) The present occupation, job title, employer, and employer's address.

3. Produce all requested documents originally created as electronic or magnetic data in searchable native format in the electronic medium of your choice (i.e., CD, DVD, flash drive, thumb drive, etc.) provided the method of production meets the following requirements:

a. The production of documents includes an index containing the following information in tabular form:

(1) A brief but reasonably informative description of the contents of each electronic document produced which clearly identifies the content of that document.

(2) A reference to the request for production which is satisfied by the production of each electronic document so produced.

(3) The format of each electronic document produced and where the original or best copy of such document is stored on Defendants' computer systems.

(4) A statement as to whether each electronic document so produced is a first, second, third, or later generation copy of the original document stored on Defendants' computer systems.

b.     If the document is produced in an "off the shelf" metadata environment, then produce it in an "off the shelf" metadata environment with the images produced with all accompanying metadata.

## DEFINITIONS

1.     "Plaintiff" or "Defendant," as well as a party's full or abbreviated name or a pronoun referring to a party, means the party, and when applicable, the party's agents, representatives, officers, directors, employees, partners, corporate agents, subsidiaries, affiliates, or any other person acting in concert with the party or under the party's control, whether directly or indirectly, including any attorney.

2.     "You" or "your" means Defendants City of El Paso and Dearborn National Life Insurance Company, their successors, predecessors, divisions, subsidiaries, present and former officers, agents, employees, and all other persons acting on behalf of Defendants or their successors, predecessors, divisions, and subsidiaries.

3.     "Document" means all written, typed, or printed matter and all magnetic, electronic, or other records or documentation of any kind or description in your actual possession, custody, or control, including those in the possession, custody, or control of any and all present or former directors, officers, employees, consultants, accountants, attorneys, or other agents, whether or not prepared by you, that constitute or contain matters relevant to the subject matter of the action. "Document" includes, but is not limited to, the following: letters, reports, charts, diagrams, correspondence, telegrams, memoranda, notes, records, minutes, contracts, agreements, records or notations of telephone or personal conversations or conferences, interoffice communications, e-mail, microfilm, bulletins, circulars, pamphlets, photographs, faxes, invoices, tape recordings, computer printouts, drafts, resumes, logs, and worksheets.

4.     "Electronic or magnetic data" means electronic information that is stored in a medium from which it can be retrieved and examined. The terms refers the original (or identical duplicate when the original is not available) and any other copies of the data that may have attached comments, notes, marks, or highlighting of any kind. Electronic or magnetic data includes, but is not limited to, the following: computer programs; operating systems; computer activity logs; programming notes or instructions; e-mail receipts, messages, or transmissions; output resulting from the use of any software program, including word processing documents, spreadsheets, database files, charts, graphs, and outlines; metadata; PIF and PDF files; batch files; deleted files; temporary files; internet-generated or web browser-generated information stored in textual, graphical, or audio format, including history files, caches, and cookies; and any miscellaneous files or file fragments. Electronic or magnetic data includes any items stored on magnetic, optical, digital, or other electronic storage media, such as hard drives, floppy disks, CD-ROMs, DVDs, tapes, smart cards, integrated circuit cards (e.g., SIM cards), removable media (e.g., ZIP drives, JAZ cartridges, external hard drives), microfiche, or punched cards. Electronic or magnetic data also includes the file, folder,

tabs, containers, and labels attached to or associated with any physical storage device with each original or copy.

5.      A "mirror image" is a bit-by-bit copy of a hard drive or other internal storage (i.e., SIM card, SD card, flash storage) that insures the computer system is not altered during the imaging process. The mirror image should include active files, deleted files, deleted file fragments, hidden files, directories, and any other data contained on the hard drive or other internal storage.

6.      "Possession, custody, or control" of an item means that the person either has physical possession of the item or has a right to possession equal or superior to that of the person who has physical possession of the item.

7.      "Person" means any natural person, corporation, firm, association, partnership, joint venture, proprietorship, governmental body, or any other organization, business, or legal entity, and all predecessors or successors in interest.

8.      "Mobile device" means any cellular telephone, satellite telephone, pager, personal digital assistant, handheld computer, electronic rolodex, walkie talkie, or any combination of those devices.

## REQUESTS FOR PRODUCTION

1.      Master plan document for City of El Paso policy number F022145-0001, class 1-4, including all amendments thereto.

2.      All summary plan descriptions for the above plan.

3.      All documents which you claim constitute the terms of the plan.

4.      All documents that were before the Claims Administrator at the time the decision to deny was made.

5.      All communications among and between Defendants and other persons or entities concerning Plaintiff's administrative claim.

6.      All documents constituting instruction to individuals processing this claim concerning fiduciary duties of themselves, the entities by which they were employed, or both.

7.      All documents containing or referencing communications between the two Defendants concerning the dependent life insurance plan which is at issue in this case, commencing on Plaintiff's first date of employment through the date of your responses to these requests.

8.      All documents which you contend placed Plaintiff on notice that she had a duty to know whether she was receiving the correct pay when all deductions therefrom were being made.

9.      All documents which you contend placed Plaintiff on notice that she had a duty to report any errors in her pay or deductions therefrom to either Defendant.

10.     All documents which you contend establish that Plaintiff had no right to tender the amount of the deductions which would have been made from her pay, to maintain her eligibility for the dependent life insurance for which she is claiming entitlement in these proceedings.

11.     All joint defense agreements between Defendants, if any, and all documents relating to any party joining or withdrawing from the joint defense agreement.

RESPECTFULLY SUBMITTED this 25th day of June, 2019.

MICHAEL T. MILLIGAN
4171 N. Mesa St., Suite B-201
El Paso, Texas 79902
915-544-5587
Fax 915-544-2773
Texas Bar No. 14148200
elpasomike13@aol.com

The DOMINGUEZ LAW FIRM P.L.L.C.
4171 N. Mesa St., Suite B-201
El Paso, Texas 79902
Telephone: (915) 544-7087
Facsimile:   (915) 544-8305

LETICIA DOMINGUEZ
Texas Bar No. 00795741
LDominguez32@elp.rr.com


By: ___*/s/ Michael T. Milligan*_____
    MICHAEL T. MILLIGAN

ATTORNEYS FOR PLAINTIFF

5

## CERTIFICATE OF SERVICE

I certify that, on the 25th day of June, 2019, I delivered a copy of the foregoing document to the process server herein, with instructions to serve it on Defendants City of El Paso, Texas, and Dearborn National Life Insurance Company with Plaintiffs' Original Petition.

_____ /s/ *Michael T. Milligan*_____

**MICHAEL T. MILLIGAN**

El Paso County - 243rd District Court

Filed 6/26/2019 7:28 AM
Norma Favela Barceleau
District Clerk
El Paso County
2019DCV2376

## IN THE DISTRICT COURT OF EL PASO COUNTY, TEXAS
### 243rd JUDICIAL DISTRICT

VANESSA ST. PIERRE

vs                                                    Cause No. 2019DCV2376

CITY OF EL PASO, TEXAS

### ORDER SETTING HEARING

The above reference case is **SET** as follows:

| Date | Time | Description |
|------|------|-------------|
| 09/26/2019 | 8:30 AM | Status Hearing |

Dear Counsel:

The Court requires that counsel appear in person or that arrangements be made for local counsel to appear.  Failure to appear can result in dismissal for want of prosecution.

Proof of service of the motion and notice of the hearing to the defaulting party are required for any default hearings.  Failure to provide proof of those documents to the Court at the default hearing will result in the default being denied.

If the above reference case has already been settled, tried or dismissed, please notify the Court Coordinator (Lynda Smigiel: 915/546-2168) upon receipt of this order.

Signed on this the 26th day of June, 2019.

**SELENA N. SOLIS, Judge**

*IF YOU KNOW OF AN ATTORNEY INVOLVED IN THIS CASE AND NOT LISTED, PLEASE PROVIDE HIM/HER WITH A COPY OF THIS SETTING.*

*Fax:*
MICHAEL T MILLIGAN                    915-544-2773

CAUSE NO. 2019-DCV-2376

| | | |
|---|---|---|
| VANESSA ST. PIERRE | ) | IN THE DISTRICT COURT |
|    Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | EL PASO COUNTY, TEXAS |
| | ) | |
| | ) | |
| CITY OF EL PASO, TEXAS and | ) | |
| DEARBORN NATIONAL | ) | |
| LIFE INSURANCE COMPANY | ) | |
|    Defendant | ) | 243RD JUDICIAL DISTRICT |

## ORIGINAL ANSWER

Defendant City of El Paso ("El Paso") files the following Original Answer to Plaintiff's Original Petition.

### General Denial

1.    El Paso enters a General Denial pursuant to Rule 92.

### Affirmative Defenses

2.    Plaintiff has failed to state a claim upon which relief can be granted.

WHEREFORE, PREMISES CONSIDERED, Defendant City of El Paso requests that Plaintiff take nothing by her suit, and that Defendant be awarded its costs of court. Defendant further requests such other relief, both legal and equitable, to which it may show itself justly entitled.

Respectfully submitted,


By: _____/s/ Andrew F. MacRae_____
ANDREW F. MACRAE
*State Bar No. 00784510*
LEVATINO|PACE PLLC
1101 S. Capital of Texas Highway
Building K, Suite 125
Austin, Texas 78746
Tel:  (512) 637-1581
Fax:  (512) 637-1583

Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Original Answer has been forwarded to all counsel of record, this 29th day of July, 2019, via electronic mail and/or electronic filing, as follows:

Michael T. Milligan
4171 N. Mesa St., Suite B-201
El Paso, Texas 79902
Elpasomike13@aol.com

Leticia Dominguez
The Dominguez Law Firm, P.L.L.C.
4171 N. Mesa St., Suite B-201
El Paso, Texas 79902
LDominguez32@elp.rr.com


_____/s/ Andrew F. MacRae_____
Andrew F. MacRae

2

Filed 8/9/2019 12:43 PM
Norma Favela Barceleau
District Clerk
El Paso County
2019DCV2376

CAUSE NO. 2019-DCV-2376

| | | |
|---|---|---|
| VANESSA ST. PIERRE | ) | IN THE DISTRICT COURT |
|     Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | EL PASO COUNTY, TEXAS |
| | ) | |
| | ) | |
| CITY OF EL PASO, TEXAS and | ) | |
| DEARBORN NATIONAL | ) | |
| LIFE INSURANCE COMPANY | ) | |
|     Defendant | ) | 243RD  JUDICIAL DISTRICT |

## <u>ORIGINAL ANSWER</u>

Defendant Dearborn National Life Insurance Company ("Dearborn National") files the following Original Answer to Plaintiff's Original Petition.

### General Denial

1.    Dearborn National enters a General Denial pursuant to Rule 92.

### Affirmative Defenses

2.    Plaintiff has failed to state a claim upon which relief can be granted.

WHEREFORE, PREMISES CONSIDERED, Defendant Dearborn National Life Insurance Company requests that Plaintiff take nothing by her suit, and that Defendant be awarded its costs of court. Defendant further requests such other relief, both legal and equitable, to which it may show itself justly entitled.

Respectfully submitted,


By:      /s/ Andrew F. MacRae
ANDREW F. MACRAE
*State Bar No. 00784510*
LEVATINO|PACE PLLC
1101 S. Capital of Texas Highway
Building K, Suite 125
Austin, Texas 78746
Tel:  (512) 637-1581
Fax:  (512) 637-1583

Attorney for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Original Answer has been forwarded to all counsel of record, this 9th day of August, 2019, via electronic mail and/or electronic filing, as follows:

Michael T. Milligan
4171 N. Mesa St., Suite B-201
El Paso, Texas 79902
Elpasomike13@aol.com

Leticia Dominguez
The Dominguez Law Firm, P.L.L.C.
4171 N. Mesa St., Suite B-201
El Paso, Texas 79902
LDominguez32@elp.rr.com


      /s/ Andrew F. MacRae
Andrew F. MacRae

2