UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | § | |
|---|---|---|
| VANESSA ST. PIERRE, | § | |
| | § | |
| *Plaintiff,* | § | |
| v. | § | EP-19-CV-00223-DCG |
| | § | |
| DEARBORN NATIONAL LIFE | § | |
| INSURANCE COMPANY, | § | |
| | § | |
| *Defendant.* | § | |

### ORDER

Presently before the Court is Plaintiff Vanessa St. Pierre's "Opposed Motion for Extension of Response Time to Defendant's 12(b)(6) Motion to Dismiss" (ECF No. 11), filed on February 26, 2020. Therein, Plaintiff requests the Court to extend her deadline for responding to Defendant Dearborn National Life Insurance Company's ("Defendant") "Motion to Dismiss" (ECF No. 10), filed on February 19, 2020, to April 6, 2020. The Court heard the parties' arguments at docket call on March 4, 2020. At the conclusion of the docket call, the Court orally granted Plaintiff's motion. The Court sets forth its reasoning and conclusions herein.

Under Rule 6(b) of the Federal Rules of Civil Procedure, district courts have broad discretion to control their own dockets and extend the filing deadlines to motions. *Marinechance Shipping, Ltd. v. Sebastian*, 143 F.3d 216, 218 (5th Cir. 1998); *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 367 (5th Cir. 1995). If a party makes a request for additional time "before the original time or its extension expires," then the court "may, for good cause, extend the time" for the filing deadline. Fed. R. Civ. P. 6(b)(1)(A).

The deadline to respond to Defendant's dispositive motion was March 4, 2020, and Plaintiff timely filed her motion on February 26, 2020, a week before the deadline. The Court is of the view that Plaintiff has shown good cause because Plaintiff requested the extension, in

good faith, well before the deadline, and the delay is not so lengthy as to impact the proceedings or to prejudice Defendant to the point that it cannot mount an effective defense.

Defendant opposes the instant motion because Plaintiff's main reason for asking an extension is to obtain the discovery that she specifically requested from Defendant in order for her to be able to rebut its motion to dismiss. Resp. in Opp. at 1 (ECF No. 12). Defendant argues that, since Plaintiff avers that she needs additional discovery to even be able to defend the allegations in her "Amended Complaint", ECF No. 9, against Defendant's motion to dismiss, then her discovery request is in violation of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Resp. in Opp. at 3.

To be sure, a plaintiff cannot "unlock the doors of discovery . . . armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678; *see also Blue Star Press LLC v. Blasko*, No. 17-CA-111-OLG-HJB, 2018 WL 1904835, at *16, n. 6 (W.D. Tex., March 6, 2018) ("A claimant is not entitled to discovery to try and find facts to support conclusory statements in his pleadings."). However, in this case, discovery is already underway: the parties have already exchanged initial discovery and conducted their Rule 26(f) conference[1], and the Court has issued a Scheduling Order designating June 30, 2020, as the parties' deadline to complete all fact and expert discovery. Scheduling Order at 2, ECF No. 66.

Further, the Court has not issued a stay of discovery in this case, nor has Defendant moved for one. *See* Fed. R. Civ. P. 26(c) (providing that a district court may issue an order to

---

[1] Indeed, the parties filed a "Joint Report of Rule 26(f) Conference" (ECF No. 5) on October 15, 2019, in which they asserted that

> The parties expect to seek discovery on the merits of Plaintiff's claims, coverage under the insurance policy at issue, Plaintiff's damages, and Defendant's defenses. The parties estimate that discovery can be completed by June 30, 2020. *The parties do not believe that discovery should be completed in stages or limited to or focused on particular issues.*

Joint Report at 3, ECF No. 5 (emphasis added).

stay discovery upon a showing of good cause); *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987) ("A trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined.").

But even if Defendant moved for a stay of discovery, such a stay would not be appropriate because it could prevent Plaintiff from "having sufficient opportunity to develop a factual base for defending against [Defendant's] dispositive motion." *Kutilek v. Gannon*, 132 F.R.D. 296, 298 (D. Kan. 1990); *see also Parish of Jefferson, Louisiana v. Southern Recovery Management*, 96-Civ.A.-230, 1996 WL 144400, at *2 (E.D. L.a. March 27 (1996) (quoting and citing approvingly *Kutilek*). "A court abuses its discretion when it stays discovery, generally, and prevents a party from having a sufficient opportunity to develop a factual base for defending against a dispositive motion." *Id.* (citing *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1560 (11th Cir. 1985)). Therefore, the parties must continue with their discovery disclosures under the currently scheduled discovery deadlines, including the discovery disclosure due on March 23, 2020.

Accordingly, **IT IS ORDERED** that Plaintiff Vanessa St. Pierre's "Opposed Motion for Extension of Response Time to Defendant's 12(b)(6) Motion to Dismiss" (ECF No. 11) is **HEREBY GRANTED**. Plaintiff's new deadline to respond to Defendant's motion to dismiss is now **April 6, 2020**.

So ORDERED and SIGNED this _6th_ day of March 2020.

DAVID C. GUADERRAMA
UNITED STATES DISTRICT JUDGE